IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

| | |
|---|---|
| VERA WALKER | PLAINTIFF |
| V. | CAUSE NO. 3:17-CV-1035-CWR-FKB |
| STATEWIDE HEALTHCARE SERVICES, LLC, *also known as* Statewide Healthcare Services, II LLC, *doing business as* Oxford Healthcare/Help at Home | DEFENDANT |

**ORDER**

Vera Walker filed this suit alleging that Statewide Healthcare Services is liable to her for racial discrimination and retaliation in violation of Title VII, and infliction of emotional distress in violation of Mississippi law. Statewide has moved to dismiss. It contends that Walker's Title VII claims are too late, her retaliation claim is unexhausted, and her emotional distress claim fails to satisfy state law. The familiar motion to dismiss standard applies.

A.     **Are the Title VII claims timely?**

Walker had to bring her Title VII claims to court within 90 days of receiving the EEOC's right to sue letter. *See Mangum v. Jackson Pub. Sch. Dist.*, No. 3:16-CV-594-CWR-LRA, 2016 WL 7077879, at *1 (S.D. Miss. Dec. 5, 2016). Walker's second amended complaint sets out the following timeline:

> The EEOC issued a Notice of Right to Sue on August 1, 2016 but the envelope in which it was mailed is postmarked August 10, 2017. The Notice of Right to Sue was received by Plaintiff on or about August 13, 2017. On November 9, 2017, Plaintiff caused her Complaint to be mailed for filing via Federal Express, Priority Overnight, to the Circuit Court of Newton County, Mississippi. However, Plaintiff's Complaint was not delivered and file stamped until November 13, 2017. Plaintiff's Complaint was timely filed as it was mailed prior to the expiration of ninety (90) day receipt of the Right to Sue Letter.

Statewide contests the date of receipt. It notes that Walker's previous complaint listed the date of receipt as August 12, 2017, and objects to Walker changing the date in her second amended complaint.[1] Statewide also observes that August 12 is more likely to be the true date of receipt because August 13 was a Sunday. Adding to the confusion, Walker's memorandum brief opposing dismissal says that she received the letter on August 12—flatly contradicting her second amended complaint.

The difference between August 12 and 13 matters a great deal. If Walker received the EEOC's letter on August 12, her lawsuit was due November 10. She missed that deadline, so her Title VII claims would be dismissed.[2] If, however, she received the letter on August 13, her lawsuit was due November 11—a Saturday, which extends her filing deadline to the next business day, November 13. Because Walker met that deadline, her claims would proceed. *See id.* at *1 n.1 (citing Fed. R. Civ. P. 6(a)(1)(C)); *Tolbert v. Mem'l Health Sys. of E. Texas*, No. 9:12-CV-88, 2012 WL 3637146, at *2 (E.D. Tex. July 19, 2012).

Where, as here, "the date on which a right-to-sue letter was actually received is either unknown or disputed, courts have presumed various receipt dates ranging from three to seven days after the letter was mailed." *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 379 (5th Cir. 2002) (applying maximum presumption). Given a postmark of August 10, therefore, we must presume that Walker received the letter between August 13 and August 17. Under any of those dates, Walker's lawsuit was timely.

The parties are reminded that we are at the motion to dismiss stage, where the allegations in the complaint are taken as true. Statewide may renew its limitations defense if evidence

---

[1] Statewide protests that the second amended complaint "materially and self-servingly alters the facts previously alleged." But, of course, that is the purpose of amending a complaint—an immaterially-amended complaint being pointless. Statewide has not pointed to any authority indicating that an amendment like Walker's should be stricken.
[2] It does not matter that Fedex delivered the complaint too late. That error falls on Fedex, not on Statewide. Today's facts do not warrant equitable tolling. *See Granger v. Aaron's, Inc.*, 636 F.3d 708, 712 (5th Cir. 2011).

obtained during discovery indicates that Walker received the letter before August 13. *E.g.*, *Marshall v. M-Tek, Inc.*, No. 3-15-CV-941-CWR-FKB, 2016 WL 7323329, at *2 n.2 (S.D. Miss. Dec. 15, 2016); *Mangum*, 2016 WL 7077879, at *1 (examining evidence that the right-to-sue letter was delivered 13 days after it was dated and 10 days after it was mailed).

**B.   Was the retaliation claim exhausted?**

Statewide next argues that Walker's Title VII retaliation claim was not exhausted before the EEOC. *E.g.*, *Pacheco v. Mineta*, 448 F.3d 783, 789 (5th Cir. 2006).

In Title VII cases, "[a]dministrative remedies are considered exhausted for any claims which can reasonably be expected to grow out of the charge of discrimination. Title VII was not designed for sophisticated litigants and most complaints are initiated *pro se,* and therefore should be construed liberally." *Zhan v. Univ. of Mississippi Med. Ctr.*, No. 3:14-CV-777-CWR-FKB, 2015 WL 6511560, at *2 (S.D. Miss. Oct. 28, 2015) (citations omitted).

After considering Walker's charge of discrimination, as well as "the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination," the Court does not see that retaliation issues were presented to the EEOC. *Pacheco*, 448 F.3d at 789 (quotation marks and citation omitted). Walker's response brief contains no argument to the contrary. Accordingly, this claim is dismissed.

**C.   Does the emotional distress claim satisfy Mississippi law?**

Walker's second amended complaint asserts a cause of action for "Intentional/Negligent Infliction of Emotional Distress." Statewide contends that neither an intentional nor a negligent infliction of emotional distress theory can proceed, given the standards set forth in Mississippi law.

The Court agrees. Walker's intentional infliction of emotional distress claim cannot proceed because her allegations of employment discrimination do not "evoke outrage or revulsion." *Ramirez v. L-3 Commc'ns Vertex Aerospace, LLC*, No. 3:11-CV-297-CWR-LRA, 2012 WL 1033497, at *2 (S.D. Miss. Mar. 27, 2012) (quoting *Speed v. Scott,* 787 So. 2d 626, 630 (Miss. 2001)). Her negligent infliction of emotional distress claim, meanwhile, fails because "such claims are barred by Mississippi's Workers Compensation Law, Miss. Code §§ 71-3-1 and 71-3-9." *Id.* at *3 (citation omitted). Walker has not pointed to any authorities suggesting otherwise.

The emotional distress claim is dismissed.

**D.    Should the punitive damages count be stricken?**

Finally, Statewide contends that Walker's separate "count" for punitive damages does not exist. That is true, but in these circumstances the "request for punitive damages will proceed as a demand and not as a separate cause of action." *Jordan v. Maxfield & Oberton Holdings, LLC*, No. 3:15-CV-220-CWR-LRA, Docket No. 452 (S.D. Miss. Nov. 14, 2017).

The motion is granted in part and denied in part. Within 10 days, the parties shall contact the chambers of the Magistrate Judge to schedule another Case Management Conference.

**SO ORDERED**, this the 26th day of March, 2018.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE