# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

| | |
|---|---|
| VERA WALKER | PLAINTIFF |
| V. | CAUSE NO. 3:17-CV-1035-CWR-FKB |
| STATEWIDE HEALTHCARE SERVICES, LLC a/k/a STATEWIDE HEALTHCARE SERVICES, II LLC d/b/a OXFORD HEALTHCARE/HELP AT HOME | DEFENDANT |

## ORDER

Before this Court is the defendant's motion for summary judgment. Docket No. 39. After considering the evidence, arguments, and applicable law, the motion for summary judgment is granted.

**I.  Factual and Procedural History**

From 2011 until 2016, Vera Walker worked as the Branch Manager for Statewide Healthcare Services at its Newton, Mississippi location. For the first three years, she was supervised by Linda Morrow, who thought Walker was a good worker and never received any complaints about her from the clients.

In 2014, Walker had conversations with Morrow about "leveling down" from Branch Manager to a Field Supervisor position. Morrow took that request to CEO Ron Ford, who approved of the change and agreed to let Walker keep the higher salary of a Branch Manager. Walker, however, decided to hold off on the change for a little while longer.

Morrow's position was terminated later that year. Walker was placed under new management. Debbie Garner and Stacy Clark helped to oversee Walker and collectively evaluated her. After some time under their supervision, Walker's performance evaluations

changed. Walker went from having no issues under Morrow, to not being a team player with her staff and other offices under Garner and Clark.

In 2015, Walker penned a letter to Garner and CC'd Clark and CEO Ford. Walker stated, "I have begun to feel lately that there is a 'Witch Hunt' in process to find anything wrong. . . . I am a sixty year old Black female who does a good job for [Statewide] and I hope that I am not being singled out and harassed simply because of those two facts." There is no response to the letter in the record.

Also in 2015, according to her performance evaluations, Walker had conversations with Garner about the Field Supervisor position. The evaluations note that Walker needed additional staff in order to work 40-45 hours per week and still meet all of the branch requirements.

During the 2016 evaluation, Garner was unhappy with the growth of the branch and told Walker that she had to grow the branch by five new customers every month. Walker did not agree to this new requirement and not long after, the Newton branch was audited.

In November 2016, Walker penned another letter to CEO Ford, saying: "I would like to respectfully request that you allow me to level down as Branch Manager. . . . Our office is in need of a Field Supervisor. . . . I would respectfully like to ask for that position." Statewide interpreted the letter as a resignation instead of a request, and directed Walker to pack up her things and leave the office.

On January 25, 2017, Walker filed a formal complaint with the Equal Employment Opportunity Commission (EEOC), asserting a claim against Statewide for violating Title VII of the Civil Rights Act of 1964. After receiving a "right to sue" letter from the EEOC, Walker commenced this action on November 13, 2017. Walker, who is an African-American female, alleges that Statewide employees Clark and Garner discriminated against her due to her race and

that the company terminated her based on racial animus. On April 19, 2019, Statewide filed a motion for summary judgment.

## II. Legal Standard

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A fact issue is 'material' if its resolution could affect the outcome of the action." *Levy Gardens Partners 2007, L.P. v. Commonwealth Land Title Ins. Co.*, 706 F.3d 622, 628 (5th Cir. 2013) (citation omitted). "The substantive law will identify which facts are material." *Gibson v. Collier*, 920 F.3d 212, 219 (5th Cir. 2019) (quotation marks, citations, and brackets omitted).

When considering a motion for summary judgment, the court will "construe all facts and inferences in the light most favorable to the non-moving party." *Levy Gardens Partners 2007,* 706 F.3d at 628 (citation omitted).

## III. Discussion

When assessing a Title VII race discrimination claim based on circumstantial evidence, the well-known *McDonnell Douglas* burden-shifting framework applies. *See Price v. Fed. Exp. Corp.*, 283 F.3d 715, 719-20 (5th Cir. 2002).

To satisfy the *McDonnell Douglas* test, the original burden is placed on Walker to establish a prima facie case of racial discrimination. If Walker proves her prima facie case, the burden is then shifted to Statewide to articulate a legitimate, non-discriminatory reason to fire Walker. If Statewide satisfies this burden, Walker must prove that its reason was a pretext for discrimination. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-03, 807 (1973).

There are four elements that Walker must satisfy to establish a prima facie case. Walker must prove that she: "(1) is a member of a protected group; (2) was qualified for the position at

issue; (3) was discharged or suffered some adverse employment action by the employer; and (4) was replaced by someone outside [her] protected group or was treated less favorably than other similarly situated employees outside the protected group." *Thomas v. Tregre*, 913 F.3d 458, 462 (5th Cir. 2019).

Walker has satisfied the first prong of her prima facie case because she is an African-American woman. Under the second prong, Statewide argues that Walker was not qualified for the position at issue because the Field Supervisor position did not exist at the Newton branch. Walker contends that there were ongoing conversations with the company about her leveling down to a Field Supervisor position prior to her alleged resignation and that the position remained open. She also says she had been doing the duties of both Branch Manager and Field Supervisor with little to no help even after asking for someone to fill the position.

Walker originally received approval to level down to the Field Supervisor position from her supervisor Morrow and CEO Ford in 2014. Walker's 2015 performance evaluation with Garner discusses hiring or filling that position in order to reduce Walker's working hours. Viewing this evidence in the light favorable to the non-movant suggests that a Field Supervisor position was open and that Walker was in fact qualified to be Field Supervisor, which satisfies the second element of the prima facie case.

Under the third prong, Statewide contends that Walker did not suffer an adverse action because she resigned from her position. It argues that even if Walker suffered an adverse action, it was due to her poor performance evaluations. Walker responds that Statewide incorrectly interpreted her letter as a resignation instead of a request to level down to a lesser position, and therefore she suffered an adverse action.

Walker's letter states, in relevant part:

> This letter comes as a special request from me to you. I would like to respectfully request that you allow me to level down as Branch Manager for the [Statewide] HealthCare-Help-at-Home Office in the City of Newton, East Central Mississippi Planning and Service area. Our office is in need of a Field Supervisor to provide monthly supervised visits and a monthly phone call for the clientele. I would respectfully like to ask for that position.

The letter concludes: "I sincerely hope that your utmost consideration will be given to my request and I will certainly look forward to your most positive response in allowing me to make this change."

The letter plainly indicates that Walker did not relinquish her duties but requested to do so upon approval of her demotion. Walker never indicated within the letter that she resigned from her position, but asked for consideration in changing her employment status within the company. Statewide alternatively argues that it had a legitimate reason to terminate Walker's employment. But that is a consideration for later in the *McDonnell Douglas* test. The Court will move on to the final part of the plaintiff's prima facie case.

Under the fourth prong, the question is whether Walker can demonstrate that she had been treated differently from any other similarly-situated employee outside of her protected class. Walker uses Linda Morrow as her comparator. Statewide argues that Walker does not satisfy this prong because she was replaced by someone within her protected class. Statewide also says that Walker was not similarly situated to Morrow because they had different positions and different job responsibilities. Walker claims that though both her and Morrow were long-term Statewide employees who were terminated, only Morrow, who is white, was rehired. She concludes that a jury should be able to decide whether the rehire of Morrow was supported by racial differences between her and Walker.

The Fifth Circuit has held that "an employee who proffers a fellow employee as a comparator [must] demonstrate that the employment actions at issue were taken 'under nearly

5

identical circumstances.'" *Lee v. Kansas City S. Ry. Co.*, 574 F.3d 253, 260 (5th Cir. 2009). Employment actions are nearly identical when the employees: (1) "held the same job or responsibilities"; (2) "shared the same supervisor or had their employment status determined by the same person"; (3) "have essentially comparable violation histories"; and (4) have engaged in "nearly identical" conduct that drew allegedly dissimilar employment decisions. *Id*.

The Fifth Circuit, however, does not "interpret 'nearly identical' as synonymous with 'identical,' . . . as it would only be in the rarest of circumstances that the situations of two employees would be totally identical." *Id.* As an example, on the second factor, "it is sufficient that the ultimate decisionmaker as to employees' continued employment is the same individual, even if the employees do not share an immediate supervisor." *Id.* at 260-61. And "[e]ach employee's track record at the company need not comprise the identical number of identical infractions." *Id.* at 261.

In this case, Walker has not satisfied the fourth prong. When the *Lee* factors are applied to Walker's comparator, Morrow does not fit the test. Under the first factor, Morrow and Walker did not have the same job or responsibilities. Morrow was the state director and was Walker's supervisor. Additionally, Morrow was rehired in a completely different position than the one Walker held. Under the second factor, Morrow did not have the same supervisor as Walker, however, they did have their employment status determined by the same person, CEO Ford. Under the third factor, there are no violation histories entered into evidence for Morrow. In her deposition, Morrow alluded to her termination being the fault of Garner and Clark, but that is not enough to show similarity. Lastly, on the fourth factor, there is no evidence in the record stating why Morrow was initially terminated to show that she and Walker were "nearly identical."

"[W]hether two employees are 'similarly situated' generally presents a question of fact for the jury." *Wallace v. Seton Family of Hospitals*, No. 18-50448, 2019 WL 2484692, at *5 (5th Cir. June 13, 2019) (citing *Perez v. Tex. Dep't of Crim. Justice*, 395 F.3d 206, 214-15 (5th Cir. 2004); *George v. Leavitt*, 407 F.3d 405, 414 (D.C. Cir. 2005)). In this instance, however, there is not a material factual dispute as to whether Walker has established a comparator. Walker and Morrow are not similarly situated since the two did not have identical positions at Statewide; did not have comparable violation histories; and did not engage in similar conduct drawing differential discipline. Their ultimate employment status did rest with the same person; however, that is not enough to establish a proper comparator. Therefore, this Court finds that the prima facie case has not been established and grants summary judgment in favor of Statewide.

## IV. Conclusion

Accordingly, summary judgment is granted. A separate Final Judgment shall issue this day.

**SO ORDERED**, this the 19th day of June, 2019.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE